NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDRE RAMON CRAVER,

        Plaintiff-Appellant,

  v.

C. FLOYD,

        Defendant-Appellee.

No. 23-2739

D.C. No. 2:20-cv-02327-WBS-DB

MEMORANDUM[*]

On Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted May 12, 2025
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.[**]

Andre Craver appeals the district court's grant of summary judgment in favor of C. Floyd. Craver argues the district court erred by finding that Floyd was not deliberately indifferent to his serious medical need in violation of the Eighth Amendment and that she provided him inadequate nutrition while he was under her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

                                       

care in the Correctional Treatment Center at Mule Creek State Prison. The parties are familiar with the facts, so we recount them only as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in favor of that party." *Nunez v. Duncan*, 591 F.3d 1217, 1222–23 (9th Cir. 2010) (quotations and citations omitted). We will find a genuine dispute of material fact only "if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 959 (9th Cir. 2021) (quotations and citation omitted).

A prison official violates the Eighth Amendment when he is "deliberately indifferen[t]" to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976). A serious medical need is one which failure to treat would result in "significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (quotations and citation omitted). Deliberate indifference to that need occurs when a prison official "knows of and disregards an excessive risk to inmate health." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference." *Id.* Adequate nutrition claims fall under the deliberate-indifference standard. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259 n.21 (9th Cir. 2016). "The Eighth Amendment 'requires only that prisoners receive food that is adequate to maintain health.'" *Id.* at 1259 (quoting *Foster v. Runnels*, 554 F.3d 807, 813 n.2 (9th Cir. 2009)).

No genuine dispute exists as to whether Floyd denied Craver adequate nutrition. The record shows that the standard meal plan: (1) met Craver's regular caloric needs; (2) met Craver's elevated caloric needs when augmented with the liquid nutritional supplement recommended by Floyd; and (3) contained additional food items which allowed Floyd to avoid foods to which he had become averse. Craver's presentation of an incomplete record of his meals' caloric content and nutritional labels does not genuinely dispute this information nor does the fact that he received an adjusted meal plan after transferring to another facility. And the cases Craver cites[1] finding inadequate nutrition at the summary judgment stage are distinguishable and do not create a genuine dispute of material fact about Craver's nutritional adequacy.

Moreover, once he came under Floyd's care, Craver never qualified as

---

[1] *See, e.g.*, *Foster v. Runnels*, 554 F.3d 807, 812, 813 n.2 (9th Cir. 2009) (presuming inadequate nutrition based on the plaintiff's symptoms when prison officials denied plaintiff 16 meals over a 23 day period and the record lacked nutritional values for the meals in question); *Lopez v. Smith*, 203 F.3d 1122, 1132–33 (9th Cir. 2000) (reversing summary judgment when a prison provided a different diet to a patient than prescribed).

malnourished by prison standards. His weight fluctuated within a 7.5% range while under Floyd's care, and this fluctuation is fully explained by the results of Craver's chemotherapy treatment and his refusal to follow medical recommendations. Plus, the medical staff consistently observed that Craver experienced no signs of malnourishment. Finally, though the record shows that Floyd frequently referred to Craver's overweight BMI, it appropriately provided only one metric—among others—in her determination of his nutritional needs.

The record also shows that Floyd had a subjective belief that Craver was receiving adequate nutrition, and thus, was not deliberately indifferent. Floyd never received corroboration for Craver's claims that he was starving, vomiting, suffering food aversions, or receiving less nutrition than he was prescribed. Floyd also did not need to take Craver's incomplete nutritional accounting at face value. Rather, Floyd based her subjective beliefs regarding Craver's nutrition on the prison meal plan, the caloric content of Craver's nutritional supplement, and on Craver's medical records, which revealed no signs of malnutrition and instead showed that he was well-nourished, consistently ate 100% of his meals, and was physically active. Indeed, Craver's treating physician consistently concurred with Floyd's assessment. And because hunger alone does "not establish a serious deprivation within the meaning of the Eighth Amendment," Floyd had no factual basis on which to form a subjective belief Craver was receiving inadequate nutrition. *Mendiola-Mendoza*, 836 F.3d at

1260. Thus, Craver failed to raise a genuine issue of material fact as to whether Floyd was deliberately indifferent.

**JUDGMENT AFFIRMED.**